## I. & G. N. R'y Co. v. C. R. Hassell.

(Case No. 1699.)

1. RAILWAY PASSENGER.— A passenger who takes passage on a through train, with notice that under the regulations of the company the train will not stop at a designated intermediate point, cannot require the train to stop at such point to enable him to get off there. If, in ignorance of such regulation, he takes passage on a through train, with a ticket to a station at which the train will not stop, the company has a right to correct his mistake at any regular stopping station for that train, before reaching the station desired; and if, being informed of his mistake, after being afforded an opportunity to quit the train at a regular stopping station and wait for the proper train, he refuses to do so, the conductor of the train may put him off in a proper manner.

2. EVIDENCE.— Evidence of general notoriety at a designated place, of the custom of a railway company in running its trains, is not admissible against one who does not live at that place, and is not shown to have had the means of acquiring such general knowledge as may be possessed by residents of the place.

3. CONTRIBUTORY NEGLIGENCE.— One who receives injury in jumping from a moving railway train, and who jumps therefrom because ordered or directed so to do by a conductor who is ejecting him, cannot be charged with contributory negligence.

APPEAL from Anderson. Tried below before the Hon. Peyton Edwards.

Suit by C. R. Hassell against the International & Great Northern Railroad Company for damages for personal injuries received in being wrongfully ejected from a passenger train, near Palestine. The appellant set up as a defense that it was not guilty as charged; that appellee was wrongfully on the train, and that he contributed to or caused the injury received. The case was tried on the 3d day of December 1883, and resulted in a verdict and judgment for appellee for $600.

The important facts are stated in the opinion.

*John Young Gooch*, for appellant, cited: Beauchamp *v.* I. & G. N. R'y Co., 56 Tex., 249; Thompson's Carrier of Passengers, p. 66; Pittsburg, etc., R. R. Co. *v.* Nuzum, 50 Ind., 141; Barker *v.* New York R. Co., 24 N. Y., 599; Wade on Notice, sec. 8; Heerwaes *v.* Ellsworth, 64 N. Y., 159; G., H. & S. A. R'y Co. *v.* Bracken, 59 Tex., 73; 59 Tex., 331; 51 Tex., 189; 50 Tex., 254; 49 Tex., 573; 59 Tex., 373; R. R. Co. *v.* Aspell, 23 Pa. St., 147; 4 Am. and Eng. R. R. Cases, 574.

*Word & Glenn*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— In so far as it was necessary to do so, the charge of the court below clearly informed the jury as to the rights of the respective parties on each ground of action embraced in the petition.

One ground of action was the failure of the appellant to carry the appellee from Jacksonville to Elkhart on the train on which he started from the former place.

The other ground of action was that the conductor ejected the appellee from the train on which he left Jacksonville, in an improper manner, from which he alleged injury.

Under the uncontroverted facts presented by the record it does not become necessary to determine whether the contract made between the appellee and the person who was acting as ticket agent in the appellant's office at Jacksonville was binding on the appellant or not. To that person the cost of passage to Elkhart was paid, and the appellee received in good faith a ticket from him, which on its face was good, and entitled him to be carried from Jacksonville to Elkhart. After paying for and receiving a ticket, bearing the signature of the proper officer of the company, in good faith he entered the car of the appellant, believing, as he had been told by the person who sold him the ticket, that on that train he could go to Elkhart.

After he entered the train and the journey began, the conductor recognized the validity of the ticket which he held, by receiving it as an evidence that the holder of it was entitled to and had commenced a journey paid for and evidenced by it. These facts made the appellee a passenger on the appellant's train, and not a mere intruder or trespasser. Such would have been his character if he had held no ticket at all, if he entered the car of the appellant in good faith intending to make the journey and to pay his passage.

The court instructed the jury, among other matters, as follows: "The proof shows that the railroad company runs two daily trains between points named in plaintiff's ticket, and the regulation that one of these trains shall not stop at all stations is a reasonable regulation and one they had a right to make, and a passenger who travels on said road with notice of such regulation cannot get on a through train and demand to be carried to a point at which said through train does not stop, even if he has a ticket to such point, unless he goes on the train by direction of the railroad's agents. If the person who acted as agent, and sold the ticket, directed the plaintiff to get on the through train, he had the right to get on said train and travel upon it; but if, after getting on, he was, at a regular station, notified that the train would not stop at Elkhart, it was his duty then to get off and take the proper train; for if the railroad agent at Jacksonville made a mistake, the railroad had a right to correct the mistake at any regular stopping station for that train. If, then, he was informed at Palestine of the mistake, it was his duty to get off, and if he did not do so, the conductor had a right to put him off in a proper manner."

There was no question made as to the right of appellee to a passage on the other train, from Jacksonville to Elkhart, on the ticket which he held,— that right was recognized.

Under the facts of the case we believe that the charge of the court correctly presented the law of the case; and that in so far as it made the right of the appellee, in any respect, to depend upon the act of the person who was in the ticket office of appellant, assuming to discharge the duties of its agent, and from whom he purchased the ticket on which he was traveling, even if incorrect, could not have prejudiced the appellant; for the uncontroverted facts showed that the appellee was informed at Palestine that the train on which he was, under the regulations of the road, would not stop at Elkhart, and that the following train would, and that he was requested to wait for that train.

The jury was also fairly instructed, under such a state of facts,

that it was not thereafter wrongful to eject the appellee from the train, if this was done in a proper manner.

The other parts of the charge carefully presented to the jury the right of the appellee under his several causes of action, and unless the jury disregarded the charge, which cannot be presumed, they could not have embraced in their verdict damage for failure to transport the appellee to Elkhart on the train which he boarded at Jacksonville.

There is no evidence that the appellee had notice at the time he boarded the train at Jacksonville that it would not stop at Elkhart, and the court correctly ruled that evidence that such fact was generally known at Jacksonville was not admissible to show notice to the appellee, who did not live at Jacksonville, and who was not shown to have had the means of acquiring such knowledge as may have been generally in the possession of those who did live there.

The right of the appellee to recover damage which may have resulted from his ejectment from the car was clearly presented to the jury by the charge of the court, which informed the jury, after having correctly instructed them as to the right of the appellant to eject the appellee in a proper manner, " if the ejection was by the use of unnecessary force, or he was injured in getting off by the carelessness of the conductor, without any fault of his own, then you will give him such damages as will compensate the injuries he received in getting off or being forced off, not to exceed $2,000."

There is a direct conflict in the evidence of the conductor and the appellee in reference to the manner in which he was put off of the train.

The conductor stated that after conducting the appellee to the steps of the car, the appellee was about to leap from the car while still moving slowly, and that he told him not to jump, that the train would stop, and that, disregarding this instruction, the appellee leaped from the train while moving slowly.

The appellee, however, stated that while the train was moving slowly the conductor said to him, " now is your time, jump," and that he did so, from which resulted the injuries of which he complained.

Under such a state of facts a judgment cannot be reversed on the ground that the verdict was contrary to the evidence, unless it be the law that one who leaps from a moving train, when instructed to do so by the conductor, as matter of law may be charged with contributory negligence.

We do not so understand the law to be.   Kline v. C. P. R. R. Co.,

37 Cal., 400; McIntyre *v.* N. Y. C. R. R. Co., 37 N. Y., 288; Wharton on Negligence, 369, 371; Shearman & Redfield on Negligence, 282, 283.

It was for the jury to determine whether or not, under the facts existing at the time, the appellee used that care which a prudent man under like surroundings would use.

It is true that the appellee stated that he thought the leap dangerous, but, even though this was true, if the alternative of jumping from the car while in motion, or of being ejected from the car while in motion, was presented to him, it cannot be claimed as matter of law that his election was not that most likely to be attended with the least danger, nor that thus electing and leaping from the car was negligence *per se;* in reference to this matter the court instructed the jury as follows:

" The plaintiff Hassell must be himself not to blame in jumping from the train while in motion of his own accord; and to recover for being injured in jumping from the train while in motion it must appear that he used ordinary care himself in not jumping until he was forced to do so by the conductor, or after some act by the conductor showing an immediate intention of ejecting him forcibly."

There was evidence tending to show that it was the intention of the conductor forcibly to eject the appellee from the cars at the time he leaped, and there was evidence directly to the contrary; upon this evidence the jury found in favor of the appellee, which includes a finding that he exercised due care, and we cannot say that the finding is so manifestly against the evidence as to authorize this court to set it aside.

There is no error found for which the judgment should be reversed, and it is affirmed.

                                             Affirmed.