CHARLES N. LYON v. GALVESTON, HARRISBURG & SAN
ANTONIO RAILWAY COMPANY.

No. 567.

Railway Company—Defective Machinery—Insufficient Evidence—Fact
Case.—Plaintiff's right to a recovery depended on whether there was a leak in the
throttle of an engine by reason of which it was caused to move, thereby injuring
plaintiff while he was repairing a car in the rear of the engine. For evidence on that
point held insufficient to warrant a verdict for plaintiff, see the opinion.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*William Aubrey*, for appellant.

*Upson & Bergstrom*, for appellee.

JAMES, CHIEF JUSTICE.—In this cause all the testimony was by
witnesses offered by plaintiff, and when it was in, the court directed
the jury to render a verdict for the defendant.

The petition alleged that plaintiff was at the time of his injury a
conductor of one of its freight trains; that it became necessary and a
part of his duty to step in between two of its cars to repair a draw-
head; that whilst so engaged the engine and a car attached thereto
backed and caused plaintiff to be pinned between the cars where he
was repairing the drawhead, seriously injuring him; that at the time
no person was in charge of the engine; that before the engineer left
the engine he had properly and carefully done everything that was
required to keep it stationary if in proper condition and repair. but
that by reason of the defective appliances for generating and using
steam for locomotion of said engine, steam escaped and set it in mo-
tion, and caused the backing and the injury to plaintiff; that the en-
gine was on a grade, and by the escape of steam backed up grade and
towards the plaintiff. There were also allegations that defendant
knew or should have known of the defect in said appliances; that it
was not known to plaintiff; and allegations, in effect, that plaintiff
was not guilty of any negligence.

There is no occasion to note the pleadings of defendant. The only
assignment of error is, that there was sufficient evidence to warrant a
verdict for plaintiff.

Our conclusions from the testimony are, that plaintiff was employed
by defendant and received the injury that he alleged, and that the in-
jury occurred in the manner substantially as alleged; but we do not
find that the evidence is reasonably sufficient as proof of the fact that
the injury was the result of defect in the engine as claimed. The case
depended upon the existence of such defect.

The defect which the testimony indicates was sought to be proved
was a leaky throttle, from which steam escaped into the cylinder in

sufficient quantity to set the engine in motion. The only direct testimony concerning the condition of the throttle was that of the engineer, the only witness shown to have had any knowledge of the engine, which was in brief, that he had run that engine a year or a year and a half; that at the time of the accident it was in perfect condition, and that the throttle was not leaky; that he continued to run the same engine for two months afterwards, when he was transferred to another division, and that during that time he watched the engine closely, and there was nothing wrong in the valves or packing, and that no repairs were made during these two months, and that there was a relief valve which readily indicated a leak in the throttle if there had been one.

The evidence showed, that when the engineer properly secured the engine in a stationary position he was called off to find a key, and when he left it no one was upon it. That when the engine was observed to be moving he ran to it and found the brakeman Lancaster at the hind end of the engine upon the tender. He exclaimed to Lancaster, "My God, what made you release her?" He said, "Why, what is the matter?" The engineer said, "Lyons is hurt. You hurt Lyons." Lancaster then jumped off.

Lancaster testified, that at the time Lyons was hurt he was at the hind end of the engine, on the tender, as stated. That he saw no one else on the engine at the time. That he did not know the cause of the engine moving. That when the engineer said Lyons was hurt he jumped off and ran back to see; and that he had nothing to do with the engine at the time inquired of, and did not know what caused it to go back.

Certain expert witnesses testified, in substance, that under the conditions testified to by the engineer, if the throttle was in good condition and left unopened steam would not pass into the cylinder, and that the throttle would have to leak to move the engine. That if the engineer had performed his duty, as he testified he did, and which it seems was not questioned, the engine could not have gone back under the conditions up grade unless there had been a leak; that one thing else could have caused it to move—some one getting on her and opening the throttle. In short, these witnesses testified, that with lever reversed and the engine standing still, the engine could not move back without a leaking throttle valve. The engineer's testimony was, that when he returned to the engine and found Lancaster there, the handle of the engineer's brake valve was in full release, the effect of which was to remove the brakes so that the engine could be moved, and that it was not possible under any circumstances for the brake valve to thus release itself, and that in other respects the engine was just as he had left it.

The foregoing is practically the evidence upon which it was depended to prove that the engine was moved by means of a leaking

throttle.    We do not think the evidence is sufficient to reasonably warrant such a conclusion.

Opposed to the positive testimony of the engineer that there was no leak in the throttle of the engine, we have simply testimony the import of which is, that under the conditions that existed the engine must have been moved by one of two causes: a leaky throttle, or by some person opening the throttle.    Apart from the probability that the brakeman found on the tender had interfered with the engine and caused it to move, we are of opinion that there is nothing to overcome the positive statement of the engineer, except what is merely speculative.    If a verdict had been found in favor of plaintiff on the theory of a leaking throttle, as it must have been to authorize a recovery, we think it would have been without reasonable support in the evidence. A case somewhat similar to this one is Toms v. Railway, 23 New York Supplement, 1112.

We believe the judgment should be affirmed.

*Affirmed.*

Delivered February 20, 1895.


Writ of error refused.