### TEXAS & PACIFIC RAILWAY COMPANY v. S. S. BELL.

Decided May 13, 1905.

1.—Carrier of Passengers—Stopping Trains at Stations.

Railroad companies are not bound, in the absence of contract or statute limiting their rights, to stop all their trains at every station, provided they run a sufficient number of trains stopping at each station to afford reasonable accommodations to the traveling public.

2.—Same—Duty of Passenger—Taking Wrong Train.

A passenger with means at his command of ascertaining before he enters a train whether it will stop at his destination, and who is not misled into getting on the wrong train, can not recover for a refusal to stop the train at a station at which it is not scheduled to stop.

Appeal from the County Court of Parker. Tried below before Hon. D. M. Alexander.

*H. C. Shropshire*, for appellant.—1. It was the duty of appellee, at the time she got on appellant's train at Aledo, to inform herself when, where and how she could go and stop, according to the regulations of appellant. Railway Co. v. Campbell, 69 S. W. Rep., 452; Beauchamp v. Railway Co., 56 Texas, 240; Railway Co. v. Hassell, 62 Texas, 256; Railway Co. v. Dawson, 29 S. W. Rep., 1107; Railway Co. v. Moore, 83 S. W. Rep., 362; Texas & P. Ry. Co. v. Ludlam, 57 Fed. Rep., 481; Railway Co. v. Nuzum, 50 Ind., 141; Railway Co. v. Miles, 40 Ark.,

298; Railway Co. v. Applewhite, 52 Ind., 540; Railway Co. v. Gants, 38 Kans., 608; Logan v. Railway Co., 77 Mo., 663; Plott v. Railway Co., 63 Wis., 511; Railway Co. v. Hinsdale, 38 Kans., 507; McRae v. Railway Co., 88 N. Car., 526; Detrich v. Railway Co., 71 Pa. St., 432; Railway Co. v. Wentz, 37 Ohio St., 333; Railway Co. v. Randolph, 53 Ill., 510; Duling v. Railway Co., 66 Md., 120; Railway Co. v. Rosenberry, 45 Ark., 256; 5 Am. & Eng. Ency. Law (2d ed.), p. 601.

2.   This appellant has the right to operate through trains which do not stop at all stations on its road.   Railway Co. v. Moore, 83 S. W. Rep., 362; Railway Co. v. Campbell, 69 S. W. Rep., 452; Beauchamp v. Railway Co., 56 Texas, 249, 250; Texas & Pac. Ry. Co. v. Ludlam, 57 Fed. Rep., 481.

*McCall & McCall,* for appellee, cited.—Chicago Ry. Co. v. Spirk, 51 Neb., 167, 70 N. W. Rep., 926; Elbert v. New York Cent. Ry. Co., 53 Hun, 78, 6 N. Y. Supp., 363, 24 N. Y. St., 835; Martin v. New York Cent. Ry. Co., 1 N. Y. St., 738; Penn. Co. v. Wentz, 37 Ohio St., 333; Int. Ry. Co. v. Smith, 1 S. W. Rep., 565; Int. Ry. Co. v. Gilbert, 64 Texas, 536; Railway Co. v. Moore, 83 S. W. Rep., 362; Louisville Ry. Co. v. Conrad, 4 Ind. Apps., 83, 30 N. E. Rep., 406; Watkins v. Penn Ry. Co., 21 D. C., 1.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment of the County Court of Parker County in favor of appellee for the sum of $50, for damages because of a refusal to permit appellee to alight at Lawrence station on the line of the appellant railway company after she had purchased a ticket thereto at Aledo, another station on appellant's line of railway.   By the assignments of error we are called upon to determine the sufficiency of the evidence to sustain the judgment.

Appellee testified that about the time the east bound train was due at Aledo she purchased of the agent at that station a ticket for Lawrence, at which point she had a son living having sickness in his family; that she sent a telegram to her son stating that she was coming; that after buying her ticket she got on the train at Aledo, and the conductor of that train came and took her ticket, punched it, and told her that she would get off at Lawrence.   Aledo is a station west of Fort Worth.   Upon arrival at Fort Worth the appellee remained seated in the car upon which she had taken passage when she testifies that a newsboy came to her and said, "You get in the chair car up there, this is the smoker."   Whereupon appellee went into the chair car, which was all the changing she did.   It further appears from the testimony, however, that a brakeman afterwards passed through the train, and he testified that he inquired of appellee where she was going, and when informed that she was going to Lawrence he, the brakeman, replied that that train did not stop at Lawrence; that she could either get off at Fort Worth, Dallas, Forney or Terrell, and that she would be sent back on the morning train the next day; that the 11 o'clock train of the next day stopped at Lawrence, which would be her first train out of Fort Worth; that appellee insisted that she had a ticket for Lawrence and wanted to go there.   Appellee thus renders the conversation with the brakeman; "I had no conversation with Mr. Perkins, the brakeman,

about the ticket, not a word, not a particle on earth; all he said to me was I could not get off at Lawrence, and I just walked on; he never said anything about getting off at Fort Worth, or any other place; I didn't know who he was; I didn't know anything about him. This was not very long before the train started; I was at Fort Worth at the time, in a smoker or the second class rather, so all got off there, near about all—two or three—and I think it was the newsboy—didn't know it was this brakeman; he said to us, get on in the other car, the chair car, and he went on; I didn't know what he was. He came back and said, come on, go in the other car, and he said to me then, where was I going, and I told him I was going to Lawrence; he said I could not get off at Lawrence; I said I would like to know why, and that was just about all that was said; if there was any other word said I don't recollect it; he didn't tell me to get off at Fort Worth."

It appears that the train upon which appellee had taken passage at Aledo proceeded no farther than Fort Worth as a whole, but at the latter point the car upon which she had taken passage was made part of what is designated in the evidence as the "through mail and express," which it is undisputed runs from Fort Worth to Texarkana, and which was not scheduled to stop at Lawrence, and in fact never did stop there, this through mail and express being a fast train. It is also undisputed in the evidence that there were two other trains from Fort Worth that did stop at Lawrence; these were known as trains Nos. 2 and 8, which left Fort Worth the day following the day of appellee's arrival there late in the evening. It further appears that the conductor of the through mail and express upon which appellee remained at Fort Worth, came to her soon after having left that station on its eastward journey and informed her that that train did not stop at Lawrence; that she might get off at Dallas, if she wished, or at Forney, the first station this side of Lawrence, or at Terrell, the first station beyond. But appellee insisted that she wished to get off at Lawrence, and when the through mail and express got to Terrell she was required to get off the train.

Say our Supreme Court in the case of Gulf, C. & S. F. Ry. Co. v. Moore, 98 Texas, 302, 83 S. W. Rep., 362; "It is settled beyond controversy that, in the absence of contract or statute limiting their rights in this particular, railroad companies are not bound to stop all their trains at every station, but are required to stop at each station a sufficient number of trains to afford reasonable accommodations for the travel to and from it. Having done this, they are at liberty to run other trains, for other purposes, without incurring the duty of stopping at every station. Such regulations of their schedules are uniformly held to be reasonable, and to afford no cause of complaint to a passenger who gets upon a train which does not stop at his destination, when the servants of the company refuse to disobey their orders and stop at a place at which the particular train is not scheduled to stop. On the contrary, the passenger, with means at his command of ascertaining before he enters a train which one will deliver him at his destination, must avail himself of his opportunities and enter the right conveyance." See, also, International & G. N. Ry. Co. v. Hassell, 62 Texas, 256; cited with approval in the case of Railway Company v. Moore, supra;

Railway Company v. Campbell, 30 Texas Civ. App., 35, 69 S. W. Rep., 451; Beauchamp v. Railway Company, 56 Texas, 240; Railway Co. v. Dawson, 10 Texas Civ. App., 19, 29 S. W. Rep., 1107.

In behalf of appellee it is insisted that she was misled into getting upon the wrong train;·but as presented to us in the transcript, we find little or no evidence to support this contention. The proof shows merely that appellee purchased the ticket at Aledo and there took the train in good faith. Appellee does not testify to any statement of the agent at Aledo. So far as appears from the transcript nothing· was said other than that in answer to appellee's inquiry, the agent there told her that her train (from the west) was late. The record is silent as to who transmitted the telegram from appellee to her son. The case, however, does not seem to have been fully developed on this issue, and the case will be remanded for another trial, rather than here rendered for appellant.

Because the evidence is insufficient to support the judgment, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*