## ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. M. TOWNSEND.

### Decided March 23, 1907.

**Carrier of Passengers—Stopping Train.**

A railroad company is under no obligation to stop its passenger train at a side track, not a regular stopping place, to allow a passenger, who had boarded the train without purchasing a ticket, an opportunity to alight. In a suit for damages for failure to stop a passenger train at a point not a regular stopping place, evidence considered, and held to show no right in the plaintiff to recover.

Appeal from the County Court of Bowie County. Tried below before Hon. Sam H. Smelser.

*Gloss, Estes & King,* for appellant.

No brief for appellee.

RAINEY, CHIEF JUSTICE.—Appellee sued the railway company to recover damages for the failure of appellant to stop its train at Fouke and allow him to alight, but instead carried him about two miles farther to Carbondale, from where he had to walk home through mud and water, which made him sick.

Appellant specially plead that appellee got on the train at Finley. After the train left Finley the auditor of the train approached appellee who told the auditor his destination was Fouke. The auditor collected thirty cents, the fare, not knowing the train did not stop at Fouke. He then went forward and told the conductor there was a passenger for Fouke, when the conductor informed him the train would not stop there as it was not a station. The auditor then went to plaintiff and told him the train would not stop at Fouke and he had better get off at Woodard, a regular stopping place, a station one mile west of Fouke. The train stopped at Woodard, where plaintiff was requested to leave the train, but he refused to do so. He remained on the train and was carried to Carbondale, the next stopping place, where he left the train.

A trial before the court, without a jury, resulted in a judgment in favor of appellee for $200, from which this appeal is taken.

The undisputed proof, on the trial, showed that appellee desired to go to Finley on Sunday, August 15, 1905; that he lived about one mile from Woodard, and about the same distance from Fouke, and between three and four miles from Carbondale; that he went to Carbondale that morning to get on appellant's train, walking a part of the distance and riding a bicycle a part of the way. That he was raised in that portion of the country, and was familiar with it; that there was no agent or station at Finley, and after spending the day there, he got on appellant's train, in the afternoon, to return home, and after going some distance he was approached by the auditor on the train, whose duty it was to collect fares, and tickets, who demanded his fare, and appellee told him he wanted to go to Fouke and handed him twenty-five cents, and that the auditor looked in his book and said the fare to Fouke was thirty cents; that he then paid the thirty cents and received a cash fare receipt. That at that time the auditor did not know that that train would not stop at Fouke; that he immediately went forward in the train and was informed by the conductor that that train would not stop at Fouke, and that Fouke was not a stopping place or a station for any of appellant's trains. The auditor then returned to appellee and informed him that the train would not stop at Fouke and he could not get off there, but that he could get off at Woodard, which the undisputed proof shows is one mile west of Fouke and was reached before reaching Fouke, Fouke being east of Woodard, and the train going east. When the train reached Woodard it stopped and some passengers got off. Appellee refused to get off, but remained on the train, which did not stop again

until it reached Carbondale, where he got off and walked home. This was on Sunday evening, and it had rained on Saturday night. There were a few families living at Carbondale, but appellee did not ask to spend the night with any of them, and did not know whether he would be welcome or not. He says he had a high fever, and walked home, wading through mud and water, at places ten or fifteen inches deep. He had a high fever when he got on the train at Finley. That about two or three years prior to that time, Mr. George W. Fouke, of Texarkana, located a saw mill on appellant's railroad, one mile east of Woodard, and that for the accommodation of the mill, in shipping lumber and other material, a spur track was constructed, and after said mill was placed in operation, it was made a flag station for the day passenger trains, and was called Fouke. That it was done for the accommodation of Mr. Fouke and his employes, in going to and from said saw mill. That in the early part of 1905 the mill was discontinued and removed, carrying with it all the mill hands and other property located there, and that after that time there was no necessity for Fouke to be continued as a flag station, and an order was made by the railroad company discontinuing it; that on each side of it was a station; one at Woodard, one mile west, and the other at Carbondale, about two miles east. It does not appear from the testimony whether or not appellee knew that Fouke was not a stopping station, but it might be inferred from the fact that he went to Carbondale that morning to take the train, instead of going to Fouke, that he did know it.

Under the foregoing facts the appellee was not entitled to recover. He got on the train without a ticket and no contract was made to carry him to and put him off at Fouke, other than the collection of his fare by the auditor, who did not know Fouke was not a stopping place, and after collecting the fare and leaving appellee the auditor returned and informed appellee of his mistake and appellee was given an opportunity to get off at the next station, Woodard, one mile west of Fouke. Under the circumstances the appellant was under no obligation to stop its train at Fouke to allow appellee an opportunity to alight. It is inferrable from the evidence that appellee knew that Fouke was not a stopping place, and when he got on the train he assumed the risk of its stopping there.

The principle announced in International & G. N. Ry. Co. v. Hassell, 62 Texas, 256, is applicable here, which principle we think precludes a recovery by appellee.

The judgment is reversed and judgment here rendered for appellant.

*Reversed and rendered.*